# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3838 | **DATE** | FEB 1 8 2003 |
| **CASE TITLE** | U.S. ex rel. Harvey Allen v. Stephen D. Mote | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court grants respondent's motion to dismiss [14] and dismisses this petition with prejudice as time barred. Status hearing set for March 4, 2003, is stricken.

(11) ■ [For further detail see attached Memorandum and Order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | | | | |
| X | Docketing to mail notices. | | | docketing deputy initials | 18 |
| X | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| CLH | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES OF AMERICA )       FFB 1 9 2003
ex rel. HARVEY ALLEN, )
                               )
      Petitioner, )
                               )
      v. )       CASE NO. 02 C 3838
                               )
STEPHEN D. MOTE, Warden,[1] )
Pontiac Correctional Center, )
                               )
      Respondent. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge,

Harvey Allen brings this *pro se* petition for a writ of habeas corpus claiming that he is being

held in violation of the Constitution. Respondent Stephen D. Mote, the current warden of Pontiac

Correctional Center where Allen is incarcerated, has filed a motion to dismiss Allen's petition as

time barred. For the following reasons, respondent's motion to dismiss is granted.

### I. Standard of Review

Under 28 U.S.C. § 2254(e)(1), unless a petitioner provides clear and convincing evidence to

the contrary, a determination of a factual issue by a state court is presumed correct for the purposes

of habeas review. *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002).

### II. Facts

---

[1]Warden Stephen D. Mote is currently the Warden at the Pontiac Correctional Center and is thus
the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases
under 28 U.S.C. § 2254. This court hereby substitutes Mote as the respondent for his predecessor James
M. Schomig. *See* Fed. R. Civ. P. 25(d)(1).

18

On December 22, 1987, petitioner Harvey Allen, Jr., was convicted of four counts of murder and arson. He was sentenced to natural life without the possibility of parole for the murders and to a concurrent term of seven years for the arson. (Respondent's Exhibit I.) On April 22, 1993, the Illinois Appellate Court affirmed both the convictions and the sentences. (Respondent's Exhibit A.) On October 6, 1993, the Illinois Supreme Court denied Allen leave to appeal. (Respondent's Exhibit C.) On May 2, 1994, the United States Supreme Court denied Allen's petition for writ of *certiorari*. (Respondent's Exhibit D.) On October 3, 1994, the United States Supreme Court denied a petition for rehearing. (Respondent's Exhibit E.)

On March 28, 1995, Allen filed a petition for post-conviction relief under the Illinois Post-Conviction Hearing Act, before the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, *et seq.*, went into effect. (Respondent's Exhibit F.) On February 11, 1999, almost four years later, the trial court denied the petition for post-conviction relief and allowed the state's motion to dismiss. (Respondent's Exhibit I.) On May 11, 2001, the Illinois Appellate Court in a published opinion, *People v. Allen*, 322 Ill.App.3d 724, 750 N.E. 2d 257, 255 Ill.Dec. 676 (2001), affirmed the dismissal of the petition. (Respondent's Exhibit L.) The Illinois Appellate Court held that a petition for rehearing a denial of *certiorari* before the United States Supreme Court does not extend the time for filing a post-conviction petition. Without considering the merits of the petition, the Illinois Appellate Court deemed the petition to be untimely. The Illinois Appellate Court also determined that Allen had failed to proffer any explanation that the delay in filing his post-conviction petition was not due to his own culpable negligence. *Allen*, 322 Ill. App. 3d at 726, 750 N.E. 2d at 260, 255 Ill. Dec. at 679. The Illinois Supreme Court denied Allen leave to appeal on April 3, 2002.

(Respondent's Exhibit N.) Allen filed the instant federal petition for a writ of habeas corpus on May 29, 2002.

On September 16, 2002, the court ordered respondent to give a limited response as to whether or not equitable tolling should apply because it had taken four years for the circuit court to decide Allen's petition for post-conviction relief. Allen, on the other hand, had filed all petitions, appeals, and the like within a reasonable time of the various courts' decisions.

## III. Analysis

Section 2244(d)(1) of AEDPA provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. ..." In order to toll the statute of limitations, a post-conviction petition must be "properly filed," which means it must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Allen's remedies on direct appeal were final when the United States Supreme Court denied his petition for rehearing on the denial of his petition for writ of certiorari on October 3, 1994. Because the AEDPA's one-year statute of limitations did not become effective until April 24, 1996, the Seventh Circuit recognized a one-year grace period for filing federal habeas, that is, April 23, 1997. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *cert. denied sub nom. Ahitow v. Glass*, 526 U.S. 1113 (1999); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) *rev'd on other grounds*, 521 U.S. 320 (1997) (the § 2244(d) statute of limitation applies to all habeas corpus

petitions filed after April 23, 1997). Allen therefore had until April 23, 1997, to file his federal habeas unless the statute of limitations was tolled.

As noted earlier, the limitations period is tolled when a properly filed application for state post-conviction or other collateral review is pending. Allen filed his petition for post-conviction relief on March 28, 1995, and it was not dismissed until February 11, 1999. Allen undoubtedly had a state post-conviction pending for all these years; however, it will not toll the statute of limitations unless it was "properly filed."

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal citations and footnote omitted); *see also Smith v. Walls*, 276 F.3d 340, 344 (7th Cir. 2002) (holding that a successive post-conviction petition that is later dismissed as procedurally barred is "properly filed" if it complies with the state's formal filing requirements). In Illinois, if a state court concludes that a post-conviction petition is untimely, that petition is not "properly filed," and thus, the one year limitations period is not tolled during the pendency of that petition. *See Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002).

The Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 (1994), which was in effect when Allen filed his post-conviction petition, provided in pertinent part:

> No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or issuance of the opinion from the Illinois Supreme Court or 6 months after the date of the order denying certiorari by the United States Supreme Court or the date for filing such a petition if none is filed or 3 years from the date of conviction,

whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.

In *People v. Allen*, 322 Ill.App.3d 724, 750 N.E.2d 257, 255 Ill.Dec. 676 (2001), the Illinois Appellate Court thoroughly dissected this provision as it applied to Allen. The Illinois Appellate Court held that, according to the plain language of the statute, after the United States Supreme Court denies a defendant's petition for writ of *certiorari*, neither the filing of a petition for rehearing from the denial of *certiorari*, nor the expiration of time in which such a petition could be filed, nor the denial of such a petition, delays the commencement of the six-month limitations period for petitioning for post-conviction relief. In other words, Allen had six months from May 2, 1994, when the United States Supreme Court denied *certiorari* to file his post-conviction petition. Allen filed his post-conviction petition on March 28, 1995, after the six months had expired. It is true that he filed his petition less than six months after the United States Supreme Court denied his petition for rehearing on October 3, 1994, but the Illinois Appellate Court determined that this was not the date on which Allen's six-month limitations period began to run. Federal courts must defer to a state's interpretation of its own statutes. *See City of Chicago v. Morales*, 527 U.S. 41 (1999).

Moreover, the Illinois Appellate Court considered only whether Allen's post-conviction was timely, and it is the last court that has spoken as to Allen's state appeals. It did not consider the merits of Allen's claims. The Illinois Appellate Court deemed Allen's post-conviction petition to be untimely. Although in doing so, it dealt with the language of Illinois's post-conviction statute, it never reached the merits of Allen's petition. As the United States Supreme Court stated in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 2141 (2002), a clear ruling from the state court that a filing was untimely would "be the end of the matter," even if the court also addressed the merits of

the claim or if "its timeliness ruling was 'entangled' with the merits." *See also Gray v. Briley*, 305 F.3d 777 (7th Cir. 2002); *Brooks v. Walls*, 301 F.3d 839 (7th Cir. 2002).

Because Allen's petition for post-conviction relief was not "properly filed," it did not toll the statute of limitations. Accordingly, Allen's federal petition for a writ of habeas corpus is untimely.

Allen could argue that the reason his federal habeas is untimely is not because of him but because it took the circuit court almost four years to decide his post-conviction petition. For example, if the circuit court had decided the petition within two years of filing, approximately March 25, 1997, then Allen would have been on notice that his post-conviction was untimely and would have had time to meet the one-year grace period. The court will accordingly consider whether equitable tolling should apply to Allen's petition.

Under the judge-made doctrine of "equitable tolling," the court may excuse Allen's failure to file his § 2254 petition within the limitations period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). In other words, a district court may entertain a petition that is untimely filed when, due to extraordinary circumstances beyond a petitioner's control, he cannot reasonably be expected to file his suit on time, *see Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), and thus the "'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (*quoting Shendock v. Dir., Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462-64 (3d Cir. 1990) (*en banc*)).

On its face, it appears that while Allen's post-conviction petition was pending, he did not have all the information he needed in order to file his federal habeas on time. In particular, he did

not know that the Illinois Appellate Court would decide that a filing for rehearing of *certiorari* would not toll the limitations period for filing his post-conviction. From the time Allen filed his post-conviction on March 28, 1995, 24 continuances were entered before the state's attorney filed a motion to dismiss on March 13, 1998, on grounds that the post-conviction was untimely and was without merit. (Respondent's Exhibits G and I.) This may have been the first date on which Allen was on notice that his petition was untimely, a date already beyond his federal deadline of April 23, 1997. Even so, as noted earlier, the Illinois Appellate Court determined that Allen offered no facts to show that the delay was not due to his own culpable negligence.

Allen, however, was not at the mercy of the overburdened circuit court system. When the federal deadline loomed, Allen could have filed a "precautionary federal petition" within the most conservative measure of the one-year period. *Brooks*, 279 F.3d at 524-25 (7th Cir. 2002); *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000); *Tinker v. Hanks*, 172 F.3d 990 (7th Cir. 1999). The district court could then have stayed the federal petition for the duration of Allen's pending post-conviction proceedings, and Allen would not have run afoul of AEDPA. *See, e.g., Freeman*, 208 F.3d at 577; *U.S. ex rel. Erickson v. Schomig*, 162 F.Supp.2d 1020, 1050-51 (N.D.Ill.2001).

In fact, when the April 23, 1997, deadline approached, federal district courts were inundated with these "precautionary habeas petitions" from prisoners who did not want to chance their opportunity to file a federal habeas on the hope that their pending state proceedings would be deemed "properly filed." Many petitioners have lost their opportunity to seek federal relief while awaiting the outcome of a state petition that is eventually determined to be improperly filed. Allen's petition is one such unfortunate case because he pinned his hopes on his state post-conviction

petition that was ultimately found to be untimely. Under these circumstances, the court finds that the statute of limitations cannot be equitably tolled.

## IV. Conclusion

For the foregoing reasons, the court finds that equitable tolling does not apply and grants respondent's motion to dismiss. This petition is dismissed with prejudice as time barred.

IT IS SO ORDERED.

DATED: February 18, 2002                    ENTERED

AMY J. ST. EVE
United States District Court Judge